IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL INTERACTIVE MEDIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MUSICTOGO, LLC, <br><br> Defendant. | Civil Action No. _____ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Global Interactive Media, Inc. ("GIM") brings this patent-infringement action against Defendant MusicToGo, LLC ("MTG"), and alleges as follows:

**Parties**

1. GIM is a Belizian corporation having its principal place of business at 84 Albert Street, Belize City, Belize.

2. MTG is a New York corporation with its principal place of business at One Columbus Place, Suite 49A, New York, NY 10019. At all times relevant to the instant lawsuit, Defendant owned and operated an online radio programming guide known as "TuneGenie" that was accessible at http://www.tunegenie.com. Defendant directed its TuneGenie programming guide to multiple cities in the United States, including New York City.

**Jurisdiction and Venue**

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court may exercise personal jurisdiction over MTG because MTG conducts continuous and systematic business in New York such that it is essentially at home in New York. For example, MTG sells products and services to MTG's customers in this District. MTG maintains a regular and established place of business in this District. The patent infringement claims arise directly from MTG's continuous and systematic activity in this District. Thus, this Court's exercise of jurisdiction over MTG would be consistent with traditional notions of fair play and substantial justice.

6. MTG is subject to this Court's general and specific personal jurisdiction because it has sufficient minimum contacts within the State of New York and this District, pursuant to due process and the New York long-arm statute, because MTG purposefully availed itself of the privileges of conducting business in the State of New York and in this District, because MTG regularly conducts and solicits business within the State of New York and within this District, and because MTG's causes of action arise directly from MTG's business contacts and other activities in the State of New York and in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## The Asserted Patents

8. GIM asserts U.S. Patent Nos. 8,032,907 (the "'907 Patent", and 6,314,577 (the "'577 Patent") (collectively, the "Asserted Patents") in this action. The Asserted Patents each claim methods and/or systems of tracking broadcasts and providing program information on demand to customers who may wish to make purchasing decisions based on the program information. The inventions claimed in the Asserted Patents represent uses of technology that were neither well-understood, routine, or conventional as of the time of the inventions. Prior to the inventions claimed in the Asserted Patents, for example, consumers listening to a radio broadcast may have

heard a song they liked and wished to purchase, but unless the station identified the song, the listeners had no ready way to obtain information about the song such as the title or artist. With the inventions claimed by the Asserted Patents, listeners not only are able to obtain that information, they are also able to purchase songs directly, an option that was not available to them until after the inventions of the Asserted Patents. The technology claimed in the Asserted Patents has become widespread to the point of ubiquity.

**Count 1 – Infringement of U.S. Patent No. 8,032,907**

9. GIM owns United States Patent 8,032,907 (the "'907 patent") (attached as Exhibit A).

10. Defendant is infringing at least one of the 90 methods and systems claimed in the '907 patent by providing the TuneGenie guide.

11. For example, and for illustration of one of the 90 claims of the '907 patent that GIM alleges that the TuneGenie guide infringes, the guide infringes claim 18 of the '907 patent as follows:

a. Claim 18 claims a "method for providing recipients of a broadcast with automated information about program material, the method comprising: broadcasting program material in at least one broadcast[.]" (Ex. A at col. 19, ll. 13-16). At all times relevant to the instant lawsuit, MTG's TuneGenie programming guide provided information about program material that is broadcast by television stations in New York City.

b. Claim 18 is a method of "receiving one or more user inquiries from one or more recipients of said at least one broadcast, said one or more inquiries including broadcast identifier information . . . ." (Ex. A at col. 19, ll. 17-19). At all times relevant to the instant lawsuit, a user of MTG's TuneGenie programming guide could inquire regarding the programs being broadcast

in New York City.

  c. The method of claim 18 involves "creating a program description file comprising program information related to program material to be broadcast in the future[.]" (Ex. A at col. 19, ll. 20-22). MTG's TuneGenie programming guide, prior to the broadcast of programs, created files describing the programs to be broadcast.

  d. Next, claim 18 involves "communicating the program information into a programmed data processor[.]" (Ex. B at col. 19, ll. 23-24). A user of MTG's TuneGenie programming guide was able to learn the name and description of a program being broadcast because MTG had a programmed data processor into which the program description file was loaded.

  e. Claim 18 involves "synchronizing said communicated program information with said program material of said at least one broadcast[.]" (Ex. A at col. 19, ll. 25-26). MTG's TuneGenie programming guide synchronized the description of a program with the broadcast of that program.

  f. Claim 18 involves "using said data programmed data processor to communicate, to the one or more recipients, program information that corresponds to the broadcast identifier information included in said one or more inquiries, wherein at least one of the program description file, the program information, and the synchronized program information is associated with the broadcast identifier information." (Ex. A at col. 19, ll. 28-35). MTG's TuneGenie programming guide communicated the program information to the consumer.

### Count 2 – Infringement of U.S. Patent No. 6,314,577

12. GIM owns United States Patent 6,314,577 (the "'577 patent") (attached as Exhibit B).

13. MTG infringed at least one of the 130 methods and systems claimed in the '577 patent by providing the TuneGenie guide.

14. For example, and for illustration of one of the 130 claims of the '577 patent that GIM alleges the TuneGenie programming guide infringed, the guide infringed claim 94 of the '577 patent as follows:

a. Claim 94 is a "method for providing listeners or viewers of a radio or television broadcast with automated information about program material, comprising the steps of: broadcasting at least one radio or television broadcast[.]" (Ex. B at col. 23, ll. 15-18). At all times relevant to the instant lawsuit, MTG's TuneGenie programming guide provided information about program material that is broadcast by television stations in New York City.

b. Claim 94 involves "receiving user inquiries from a listener or viewer of said radio or television broadcast[.]" (Ex. B at col. 23, ll. 19-20). At all times relevant to the instant lawsuit, a user of MTG's TuneGenie programming guide could inquire regarding the programs being broadcast in New York City.

c. Claim 94 involves "creating a program description file[.]" (Ex. B at col. 23, l. 21). MTG's TuneGenie programming guide, prior to the broadcast of programs, created files describing the programs to be broadcast.

d. The method of claim 94 involves "communicating program list information into a programmed data processor[.]" (Ex. B at col. 23, ll. 22-23). A user of the TuneGenie programming guide was able to learn the name and description of a program being broadcast because MTG had a programmed data processor into which the program description file was loaded.

e. Claim 94 involves "correlating said program descriptions of program material with said program list information and generating information in a database responsive to only a

broadcast identifier[.]" (Ex. B at col. 23, ll. 24-27). MTG correlated the description of a program with the broadcast of that program.

  f. Claim 94 involves "using said programmed data processor to communicate said program description file responsive to said user inquiry." (Ex. B at col. 23, ll. 28-30). MTG's TuneGenie programming guide communicated the program information to the consumer.

## Demand for Jury Trial

GIM demands a trial by jury on all matters and issues triable by jury.

## Prayer for Relief

WHEREFORE, GIM prays for the following relief against MTG:

(a) Judgment that MTG has directly infringed claims of the Asserted Patents;

(b) For a reasonable royalty;

(c) For pre-judgment interest and post-judgment interest at the maximum rate allowed by law; and

(d) For such other and further relief as the Court may deem just and proper.

Dated:  October 27, 2020

Respectfully Submitted,
_____/s/_____
Joshua E. Abraham
BUTZEL LONG, PC
477 Madison Avenue, Suite 1230
New York, NY 10022
Tel: (212) 374-5370

Thomas G. Southard (*pro hac vice* pending)
Brian S. Seal (*pro hac vice* pending)
BUTZEL LONG, PC
1909 K. St., N.W., Suite 500
Washington, D.C. 20006
Tel: (202) 454-2800

*Attorneys for Plaintiff*