Form as of May 1, 2018

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

GLOBAL INTERACTIVE MEDIA, INC.

                      Plaintiff(s),

   -against-

MUSICTOGO, LLC

                      Defendant(s).

1:20 CIV. NO. 8998

**[Proposed] Civil Case Management Plan and Scheduling Order**

---

The parties submit this [Proposed] Civil Case Management Plan and Order pursuant to Federal Rule of Civil Procedure 26(f):

**1.**     **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on March 17, 2021.

**2.**     **Alternative Dispute Resolution / Settlement:**

    **a.**     Settlement discussions have ✓ / have not ☐ taken place.

    **b.**     The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
Preliminary infringement claim charts

    **c.**     The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator.  The parties propose the following alternative dispute mechanism for this case:
The parties agree to a settlement conference before Judge Lehrburger.

    **d.**    The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

The parties agree that they should conduct settlement mediation by telephone with Judge Lehrburger before any exchange of initial disclosures occurs and before discovery commences.

    **e.**    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

**3.**    **The Parties' Summary of Their Claims, Defenses, and Relevant Issues:**

<u>Plaintiff(s)</u>:

Plaintiff has accused Defendant of infringing one or more claims from U.S. Patent Nos. 8,032,097 and 6,314,577.

<u>Defendant(s)</u>:

Defendant contends that it does not infringe the asserted patents, that the patents are invalid, and that Plaintiff's claims are time barred, in addition to other affirmative defenses and counterclaims Defendant may raise.

**4.**    **The Parties' Asserted Basis of Subject Matter Jurisdiction:**

Subject matter jurisdiction is appropriate under 28 U.S.C. §§ 1331 and 1338(a).

**5.**    **Subjects on Which Discovery May Be Needed:**

<u>Plaintiff(s)</u>:

Plaintiff anticipates needing discovery on Defendant's accused products and services, including information related to the technical operation of those products and services as well as related damages.

<u>Defendant(s)</u>:

Defendant believes that, given the amount in controversy and the scope of the allegations in the complaint, if the parties cannot resolve this matter before discovery commences and the court does not grant Defendant's motion to dismiss, the parties should not engage in fact or expert discovery and should instead exchange Rule 26 initial disclosures and subsequently prepare for trial.

6. **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than <u>March 31, 2021</u>.

7. **Amended Pleadings:**

   a. No additional parties may be joined after <u>April 30, 2021</u>, without consent or leave of Court.

   b. No amended pleadings may be filed after <u>April 30, 2021</u>, without consent or leave of Court.

8. **Fact Discovery:**

   a. All fact discovery shall be completed by <u>September 30, 2021</u>.

   b. Initial requests for production were/will be served by <u>TBD (see h below)</u>. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

   c. Initial interrogatories shall be served by <u>TBD (see h below)</u>. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

   d. Depositions shall be completed by <u>September 16, 2021</u>.

   e. Requests to admit shall be served by <u>August 31, 2021</u>.

   f. The parties propose the following limits on discovery:

   25 interrogatories per side, 25 requests for admission (except for requests directed to authenticity or admissibility of documents and other evidence), 10 fact depositions per side

   g. Except as otherwise modified in 8(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to

3

   the Court, provided that the parties meet the deadline for completing fact discovery.

 **h.** The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

   Defendant does not believe the parties should exchange initial discovery requests before Judge Lehrburger has considered whether the parties need to conduct formal fact discovery at all in this action.

**9.**  **Expert Discovery (if applicable):**

 **a.** The parties do ☑ / do not ☐ anticipate using testifying experts.

 **b.** Anticipated areas of expertise:
   Infringement, invalidity, and damages.

 **c.** Expert discovery shall be completed by November 25, 2021.

 **d.** By March 24, 2021, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

 **e.** The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:
   None.

**10.**  **Electronic Discovery and Preservation of Documents and Information:**
(If appropriate for the case, use the Court's Joint Electronic Discovery Submission and Proposed Order available at:
https://nysd.uscourts.gov/hon-robert-w-lehrburger.

 **a.** The parties have ☑ / have not ☐ discussed electronic discovery.

 **b.** If applicable, the parties shall have a protocol for electronic discovery in place by TBD (see c below).

      c.     The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

          Defendant does not believe the parties should exchange an electronic discovery order before Judge Lehrburger has considered whether the parties need to conduct formal fact discovery at all in this action.

11.    **Anticipated Motions** (other than summary judgment, if any)**:**

Defendant intends to file a motion to dismiss.

12.    **Summary Judgment Motions:**  No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge.  If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

13.    **Pretrial Submissions:**  The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

14.    **Trial:**

      a.     All parties do ☐ / do not ☑ consent to a trial before a Magistrate Judge at this time.

      b.     The case is ☑ / is not ☐ to be tried to a jury.

    c.    The parties anticipate that the trial of this case will require $\underline{5}$ days.

**15.** **Other Matters the Parties Wish to Address (if any):**

**16.** The Court will fill in the following:

☐ A status conference will be held before the undersigned on _____ at _____.m. in Courtroom 18D, 500 Pearl Street.

☐ The parties shall submit a joint status letter every \_\_\_\_\_ days and shall also inform the Court at the time the parties believe a settlement conference would be fruitful.

Dated: _____SO ORDERED.

_____
ROBERT W. LEHRBURGER
United States Magistrate Judge

PLAINTIFF(S):                                   DEFENDANT(S):

Brian S. Seal                                          Patrick A. Fitch

_____   _____
ATTORNEY NAME(s):                        ATTORNEY NAME(s)

| | |
|---|---|
| _____ | _____ |
| 1909 K Street NW, Suite 500 | 200 Clarendon Street, 59th Floor |
| Washington, DC 20006 | Boston, MA 02116 |
| _____ | _____ |
| ADDRESS | ADDRESS |
| | |
| TEL: 202-454-2800 | TEL: 857-353-9006 |
| EMAIL: seal@butzel.com | EMAIL: patrick@caldwellip.com |